Manuel González, as father with patria potestas over and in the name of his infant daughters Carmen Elena and Delia González, Plaintiff and Appellant, v. Porto Rico Railway, Light & Power Co., Defendant and Appellee.

No. 3387. Argued March 4, 1925.—Decided July 24, 1925.

1. Evidence—Presumption—Res Ipsa Loquitur—Rebuttal.—The doctrine of res ipsa loquitur only creates a presumption which the defendant may rebut.

2. Damages—Negligence—Attractive Nuisance.—A complaint for damages due to negligence and based on the existence of an attractive nuisance should show that the plaintiff relied on that theory.

3. Id.—Id.—Liability.—When it appears in an action for damages that a defendant provides guards, fences and barricades reasonably sufficient to exclude trespassing children he is entitled to be exonerated from liability.

First District Court of San Juan, Charles E. Foote, J. Judgment for the defendant in an action for damages. *Affirmed.*

*Campillo & Campillo* for the appellant. *J. H. Brown* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

The court had a right to believe from the evidence in this case that the defendant was the owner of a merry-go-round; that an accident occurred there and that complainant was injured; that the accident happened after six p. m. when the merry-go-round had closed for the day and at the time of the accident it was surrounded by a fence five or six feet high, which ordinarily would prevent the entrance of children; that the only explanation of the presence of the children was that they climbed over the fence. There was no evidence tending to show that any other child ever climbed the fence or that the defendant in any way was put under notice that children would climb the fence. Under these circumstances the court was justified in acquitting the defendant.

[1] The appellant, in a brief without assignment of errors, refers to the doctrine of *res ipsa loquitur.* The doctrine, however, if applicable, only creates a presumption which the defendant is entitled to rebut. It did so by showing the height of the fence and the gates, the closing of the merry-

go-round, and moreover by the fact that the accident occurred by the active intervention of the children. In other words, the court below could know how the accident happened and that it was not due to defendant's negligence.

[2, 3] As to the application of the attractive-nuisance doctrine, similar considerations apply. The complaint generally should show that the complainant relied upon such doctrine. Thompson on Negligence, Supplement, sec. 7582. To build a fence so high that no child could climb over it, or to put extra guards around a merry-go-round, is a duty which the law does not ordinarily require. Complainant was not brought within any exception known to us. If it appears that a defendant provides guards, fences and barricades reasonably sufficient to exclude trespassing children, he is entitled to be exonerated from liability. 20 R.C.L. 88, sec. 78.

The judgment should be affirmed.